By the Court:
The statutory provisions on which the relator bases his right of action are those which authorize and require the Dairy and Food Commissioner, and either of the two assistant commissioners which he may appoint, to inspect all articles of food or drink made or offered for sale in this state, and to .prosecute all persons engaged in the manufacture and sale of such articles that are adulterated in violation of the laws of the state; and those by which it is provided that the commissioner, or an assistant commissioner, may enter any place where articles of food or drink are made or sold, and cause such articles to be examined and analyzed, and to employ such experts, chemists, agents, inspectors, and counsel as may by him be deemed necessary for the proper enforcement of the pure food laws of the state. Sections 409-8, 409-9, 409-10, Bates’ Annotated Statutes. The statute also provides (section 4200-7) that: “Every person manufacturing, offering or exposing for sale, or delivering to a purchaser, any drug or *125 article of food, included in the provisions of this act, shall furnish to any person interested, or demanding the same, who shall apply to him for the purpose, and shall tender him the value of the same, a sample sufficient for the analysis of any such drug or article of food which is in his possession.”
The consequences for failure to comply with this provision are prescribed by section 4200-8, which provides that: “Whoever refuses to comply, upon demand, with the requirements of” the preceding section, “and whoever violates any of the provisions of this act, shall be guilty of a misdemeanor, and upon conviction shall b® fined not exceeding one hundred dollars nor less than twenty-five dollars, or imprisoned not exceeding one hundred nor less than thirty days, or both. Any person found guilty of manufacturing., offering for sale or selling an adulterated article of food or drug under the provisions of this act, shall be adjudged to pay, in addition to the penalties herein provided for, all necessary costs and expenses incurred in inspecting and analyzing such adulterated articles of which said person may have been found guilty of manufacturing, selling or offering for sale.”
Subsequent sections of the statutes place certain restrictions upon the manufacture and sale of oleomargarine; and it is provided by section 4200-20 that: “Any manufacturer who violates any of the provisions of this act shall, upon conviction thereof, be fined in any sum not less than one hundred dollars nor more than five hundred dollars; and for each subsequent offense, in addition to the above fine, may be imprisoned in the county jail not more than ninety days. Any other person violating any of the provisions of this act shall, upon conviction thereof, be fined not less than fifty dollars nor more than one hundred dollars.” No civil remedy is anywhere given by the statute. We find no authority for the institution of an action like this one, in the name *126 of the state. The remedy of the state for infractions of its penal and punitive laws, lies in the proper prosecution for the enforcement of the penalties and punishment prescribed, in the mode provided by statute, except that when^ such infractions constitute an abuse or misuse of corporate franchises proceedings in quo loarranto may also be maintained. Nor can the action be maintained as one in behalf of the relator individually; for the statute gives no private remedy of that kind. The rule is well settled that, where there is no threatened inury to personal or property rights, equity will not lend its aid by injunction to restrain the volation of public or penal statutes, or the commission of criminal acts. The legislature deemed the penalties imposed an adequate remedy for any violation of these statutory provisions; and, as the statute which creates the duty and obligation to furnish for analysis samples of articles manufactured and sold for food, has provided no other remedy for the failure to perform that duty except a prosecution for the enforcement of the penalties it has prescribed, that must be regarded as the exclusive remedy therefor. Commissioners v. Bank, 32 Ohio St,, 194.
It is unnecessary to consider how far interference with official action may be prevented by injunction, because the relator is not an officer, but an employe, merely, and the petition shows no interference with any official act.

J adgment affirmed.